IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONALD JEFFRIES,<br><br>        Plaintiff,<br><br>  vs.<br><br>FOODLAND GROCERY; RAMONSITA LOGAN; and AUMAUINUUESE S. PUNI,<br><br>        Defendants. | CIV. NO. 20-00304 JMS-RT<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

### **ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

### **I. INTRODUCTION**

On July 9, 2020, pro se Plaintiff Donald Jeffries ("Plaintiff") filed a "Complaint for Violations of Civil Rights" against Foodland Grocery ("Foodland"), Foodland manger Ramonsita Logan, and Foodland security officer Aumauinuuese S. Puni (collectively, "Defendants"). ECF No. 1. Plaintiff also filed an Application to Proceed in forma pauperis ("IFP Application"). ECF No. 2. On July 10, 2020, Plaintiff filed Exhibits A-C and E-G to his Complaint, ECF No. 4, and on August 10, 2020, Plaintiff filed a First Amended Complaint ("FAC").

ECF No. 5.[1]  Based on the following, the court GRANTS the IFP Application and DISMISSES the Complaint with leave to amend.

## II. IFP APPLICATION

Plaintiff's IFP Application indicates that his gross pay or wages is $1,200 per month, while his take-home pay or wages is only $200 per month. ECF No. 2 at PageID #10. Plaintiff has expenditures of over $1,000 per month, no assets, and has a dependent daughter. *Id*. at PageID #11. Plaintiff has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees); therefore, the court GRANTS Plaintiff's IFP Application.

## III. STANDARDS OF REVIEW

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the

---

[1] Although Plaintiff checked a box on the FAC indicating that he was bringing suit against "state or local officials" under 42 U.S.C. § 1983, there are no state or local officials named or discussed in the body of the FAC.

court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering whether a complaint fails to state a claim, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and determine whether these allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *See UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide

discovery"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation signals omitted).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

///

///

///

///

///

## IV. **BACKGROUND**[2]

The FAC[3] alleges that Plaintiff entered the "Foodland Dillingham location" on July 8, 2020. ECF No. 5 at PageID #37. When asked by "security" if he had a mask, Plaintiff explained that he has a breathing disability that prevents him from wearing a mask. After further discussion, the security guard called the manager. While Plaintiff was attempting to purchase an item, the manager told him to leave. *Id.* It appears that Plaintiff then left the store. Later, "a friend told me there was a post of me on a facebook group site the security officer from food land (sic) posted my picture (of incident) and degraded me saying untrue things . . . ." ECF No. 1 at PageID #4-5. Although unclear, Plaintiff appears to claim that he filed a police report and that police arrived on the scene, at which point the manager offered to permit him to wear a face shield, "but she refused to accommodate" when Plaintiff asked to have security help him. *Id.* at PageID #5.

---

[2] For purposes of screening, facts alleged in the FAC are accepted as true and construed in the light most favorable to Plaintiff. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[3] The original complaint and the FAC are similar, although both include information not contained in the other. Regardless, because Plaintiff is pro se, the court liberally construes the FAC to include both the original complaint and Exhibits A-C and D-G. Should Plaintiff file a Second Amended Complaint, it must be a stand-alone document without reference to other filings, and the court will not permit piecemeal additions to the Second Amended Complaint.

The FAC appears to allege a claim pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12001, et seq. and a state law defamation claim.[4]

## V. DISCUSSION

### A. Title III of the Americans with Disabilities Act ("ADA")

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). A grocery store is a place of public accommodation under Title III. 42 U.S.C. § 12181(7)(E). Discrimination may be in the form of access barriers that violate the ADA and "interfere with disabled individuals' 'full and equal enjoyment' of places of public accommodation." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)).

---

[4] Plaintiff also cites 18 U.S.C. §§ 241-49, offenses set forth in the criminal code, as part of his injuries. ECF No. 5 at PageID #39. To the extent Plaintiff seeks a private cause of action for these criminal offenses, he has no standing to do so. *See Tuomela v. Waldorf-Astoria Grand Wailea Hotel*, 2020 WL 3490027, at *2 (D. Haw. June 26, 2020); *see also, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (stating that 18 U.S.C. §§ 241 and 242 provide no private cause of action).

To establish a prima facie case for discrimination under Title III of the ADA, Plaintiff must show that "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation"; and (3) the defendant denied public accommodation to the plaintiff because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). Only injunctive relief is available to private litigants under Title III. *See id.*; *A.L. by & through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1290 (11th Cir. 2018).

Here, Plaintiff provides insufficient facts showing that he is disabled under the ADA. Not all impairments qualify as a disability under the ADA. *See, e.g., Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1067 (9th Cir. 2005); *Equal Emp't Opportunity Comm'n v. BNSF Ry. Co.*, 853 F.3d 1150, 1152 (10th Cir. 2017); *Munoz v. Cal. Dep't of Corr. & Rehab.*, 2019 WL 5063463, at *8 (E.D. Cal. Oct. 9, 2019). A plaintiff is disabled within the meaning of the ADA by: (1) having "a physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) having "a record of such an impairment;" or (3) being "regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff's conclusory allegation that he suffers from a breathing disability and that he cannot wear a face mask because it is a health risk to him is insufficient to allege that he has an impairment that is covered by the ADA. To

7

survive screening, Plaintiff must allege facts permitting a plausible inference that he is disabled within the meaning of the ADA, and not just in some generic sense.

Further, individual liability under Title III of the ADA is limited. *See Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004) (determining that because Title III of the ADA "prohibits discrimination 'by any person who owns, leases (or leases to), or operates a place of public accommodation,'" a defendant could be individually liable if that person "had the requisite authority to qualify as an 'operator' under Title III") (quoting 42 U.S.C. § 12182(a)).  Here, to the extent Plaintiff intended to bring an ADA claim against Defendant Puni, insufficient facts are alleged to show that he is a person who operated Foodland or is otherwise possibly covered by Title III.

Plaintiff's claim under Title III of the ADA is DISMISSED with leave to amend.  Any Second Amended Complaint must make clear how Plaintiff is disabled under the ADA, against which Defendant the ADA Title III claim is brought, and how any individual could be liable as a person who "owns, leases (or leases to), or operates" Foodland.

**B.    Defamation Under Hawaii Law**

Under Hawaii law, a plaintiff must establish four elements to sustain a claim for defamation: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to

negligence on the part of the publisher . . . ; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Woodruff v. Haw. Pac. Health*, 2014 WL 128607, at *9-10 (Haw. Ct. App. Jan. 14, 2014) (citation omitted); *Diaz v. Argon Agency Inc.*, 2015 WL 7737317, at *5 (D. Haw. Nov. 30, 2015). Here, the FAC provides only conclusory allegations that Plaintiff was defamed. For example, stating that a security officer posted a picture of Plaintiff on Facebook and "degraded me saying untrue things," ECF No. 1 at PageID #5, is simply conclusory. There is no description of a specific false or defamatory statement or fault amounting to at least negligence. In fact, it is not even clear from the FAC that Plaintiff knows what was said about him.

Although it appears that Plaintiff is alleging this claim only against Puni, the FAC does not specify which Defendant or Defendants this claim is brought against. If Plaintiff files a Second Amended Complaint and he attempts to re-allege a defamation claim, he must clearly name the specific Defendant or Defendants that he claims defamed him.

C.   **Leave to Amend**

Plaintiff may be able to amend the Complaint to include factual allegations sufficient to state plausible Title III ADA and state law defamation claims. Thus, the court GRANTS him leave to amend his Complaint by October 9,

2020, to attempt to cure the deficiencies set forth above.  If Plaintiff chooses to file a Second Amended Complaint, he must (1) allege the basis of this court's jurisdiction, (2) state each claim he is making, (3) name the defendant against whom he asserts a claim, (4) allege exactly what that defendant did or did not do, (5) allege what specific injury he suffered because of each Defendant's conduct, and (6) state what specific relief he seeks.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to each specific cause of action.  In addition, Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii.

        An amended complaint generally supersedes a prior complaint and must be complete in itself without reference to the prior pleading.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).  Claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

The amended complaint must state that it is the "Second Amended Complaint," and it may not incorporate any part of the original Complaint or the FAC by reference, but rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Failure to file an amended complaint by October 9, 2020 will result in automatic dismissal of this action.

## VI. CONCLUSION

Based on the foregoing, the IFP Application is GRANTED; the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim; and Plaintiff is GRANTED leave to file an amended complaint as permitted by this Order. Failure to file an amended complaint by October 9, 2020 will result in automatic dismissal of this action for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 11, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Jeffries v. Foodland Grocery, et al.* Civ. No. 20-00304 JMS-WRP, Order Granting Application to Proceed In Forma Pauperis and Dismissing First Amended Complaint With Leave to Amend